TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff*
*Odgers Berndtson, LLC*
David N. Kleinmann
William F. Schmedlin
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000
dkleinmann@tarterkrinsky.com
wschmedlin@tarterkrinsky.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODGERS BERNDTSON, LLC,<br><br>     Plaintiff,<br><br>    -against-<br><br>JAVIER O'NEIL and VALERIA ESCAMILLA,<br><br>     Defendants. | Case No. 1:21-cv-05652<br>    _____<br><br>**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Upon the Declaration of David N. Kleinmann dated June 30, 2021 with an annexed copy of the Complaint; the Declaration of Kennon W. Kincaid dated June 29, 2021, with annexed exhibits; the Declaration of Jacob P. Deutsch dated June 28, 2021, with annexed exhibits; and the accompanying Memorandum of Law, it is:

**ORDERED**, that defendants Javier O'Neil ("O'Neil") and Valeria Escamilla ("Escamilla"), or their attorneys, show cause before a motion term of this Court, at Room ___, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on _____ __, _____, at _____ o' clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an Order should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure:

(1) Prohibiting O'Neil and Escamilla, directly and indirectly, and all those working in concert with them, from possessing, disclosing, and/or using Odgers Berndtson, LLC's ("Odgers") trade secrets and confidential information, which is defined as information and/or documents obtained during O'Neil's and/or Escamilla's employment with Odgers and falls under the terms of the Defendants' February 17, 2020 "Reminder and Acknowledgement of Confidentiality Obligations" agreements, including but not limited to information Odgers licensed from third parties and the files alleged to have been taken and copied onto the external drives or for which Dropbox downloads were created as detailed in the declarations submitted herewith and in the Complaint; and

(2) Ordering O'Neil and Escamilla, directly and indirectly, and all those working in concert with them, to return to Odgers' counsel any and all hard or electronic copies of such confidential information and trade secrets, including those external drives given to O'Neil by Deutsch or for which Dropbox downloads were created by Deutsch for Defendants and any copies or information derived therefrom.

**IT IS FURTHER ORDERED** that, sufficient reason having been shown, pending the hearing of Odgers' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that:

(1) O'Neil and Escamilla, directly or indirectly, and all those working in concert with them, are temporarily restrained and enjoined from possessing, disclosing, and/or using such Odgers' confidential information and trade secrets, including but not limited to information Odgers licensed from third parties and the files alleged to have been taken and copied onto the external drives or for which Dropbox downloads were created as detailed in the declarations submitted herewith and in the Complaint;

(2) O'Neil and Escamilla, directly and indirectly, and all those working in concert with them, must return to Odgers' counsel any and all hard or electronic copies of such confidential information and trade secrets, including those external drives given to O'Neil by Deutsch or for which Dropbox downloads were created by Deutsch for Defendants and any copies or information derived therefrom;

(3) O'Neil and Escamilla, must each identify via declaration within 7 calendar days from this Order (a) the location of any such confidential information and trade secrets; (b) any third party to whom O'Neil and/or Escamilla provided such confidential information and trade secrets taken from Odgers or information derived therefrom; (c) any physical locations (such as computers or drives) or electronic locations (such as servers or other online environments) at which such confidential information and trade secrets were located, transmitted to or used so that Odgers can seek the return of such information; and

(4) Expedited discovery shall be permitted as follows:

    a. O'Neil and Escamilla will each provide copies to Odgers' counsel of all information that they possessed while employed by Odgers and concerning its business (such as Odgers' confidential information and trade secrets) that either possesses or controls, directly or indirectly within 7 calendar days from this Order;

    b. O'Neil and Escamilla will each provide all documents and communications that either possess or controls, directly or indirectly, relating to the taking, use, or disclosure of such information both during and after the end of their

employment with Odgers, including Odgers' confidential information and trade secrets within 7 calendar days from this Order;

c. Plaintiff shall be permitted to serve non-party subpoenae to any individual or entity with information relevant to this application;

d. O'Neill and Escamilla will each permit a computer forensics vendor selected by Odgers to image and review any computers, tablets, phones, storage devices or other electronic equipment in their possession that may currently contain or have contained at any time since April 1, 2021, to determine if they have complied with the obligation to return Odgers' confidential information and trade secrets; and

e. O'Neil and Escamilla will each appear at a deposition to be taken by counsel for Odgers with Escamilla on or before July 22 and O'Neil on or before July 23, 2021 or such further dates as agreed to by the parties.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing shall be scheduled to take place in this matter on _____, 2021 at _____ o'clock in the ____noon, of that day; and

**IT IS FURTHER ORDERED** that answering papers, if any, shall be electronically filed in this matter via CM/ECF on _____, 2021; and

**IT IS FURTHER ORDERED** that reply papers, if any, shall be electronically filed in this matter via CM/ECF on _____, 2021; and

**IT IS FURTHER ORDERED** that oral argument shall be required on the return date of this motion; and

**IT IS FURTHER ORDERED** that security in the amount of $_____ be posted

by Odgers prior to _____, 2021 at _____ o'clock in the \_\_\_\_noon, of that day; and

**IT IS FURTHER ORDERED** that personal service of a copy of this Order and the annexed Declarations upon O'Neil and Escamilla on or before _____ o'clock in the _____ noon, _____, 2021, by hand, via email, or by FedEx to the defendants or their counsel, if any having appeared in this action, shall be deemed good and sufficient service.

DATED:    New York, New York
               June \_\_\_\_, 2021

                                            UNITED STATES DISTRICT JUDGE