UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ODGERS BERNDTSON, LLC,

                Plaintiff,

-against-

JAVIER O'NEIL and VALERIA ESCAMILLA,

                Defendants.

Case No. 1:21-cv-05652

**DECLARATION OF
DAVID N. KLEINMANN**

       David N. Kleinmann declares under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that:

       1.     I am an attorney duly admitted to practice law before this Court and am a partner at the law firm of Tarter Krinsky & Drogin LLP, attorneys for plaintiff Odgers Berndtson, LLC ("Odgers") in this litigation.

       2.     Attached hereto as Exhibit 1 is a true and correct copy of the Complaint in the above-captioned action.

       3.     On June 27, 2021, Odgers, through its counsel, sent via electronic mail letters to Javier O'Neil ("O'Neil") and Valeria Escamilla ("Escamilla") informing each that Odgers had become aware of their misappropriation of a substantial number of documents comprising Odgers' confidential information and trade secrets.  Attached hereto as Exhibits 2 and 3, respectively, are true and correct copies of the letters sent to O'Neil and Escamilla.  Odgers demanded that, by June 29, 2021, O'Neil and Escamilla return copies of all such information to Odgers; disclose whether or not such information had been disseminated to third parties, including where the information had been placed; and provide Odgers with access to their computer systems to confirm that all Odgers information had been returned.

4. Both O'Neil and Escamilla received the emails and responded through separate counsel on June 29, 2021. Attached hereto as Exhibits 4 and 5, respectively, are true and correct copies of the letters received from counsel for O'Neil and Escamilla.

5. Both refused to meet Odgers' demands by returning Odgers information and take the reasonable steps Odgers requested so that it could ensure that its confidential information and trade secrets had not ben disseminated to third-parties. O'Neil and Escamilla each pretended that Odgers was acting maliciously towards them and that they were innocent victims. O'Neil claimed the letter to him was "baseless, harassing and intimidation" and that any allegation he took Odgers' confidential information or trade secrets was "based on pure speculation, not facts or evidence." Ex. 4. Escamilla likewise claimed that the allegations in the letter were "unwarranted and unsupported by the facts" as she "did not disclose any confidential information or trade secrets" and that Odgers was merely retaliating against her for resigning. Ex. 5.

6. Accordingly, on June 30, 2021, Odgers filed the Complaint. Minutes thereafter, at 11:04 AM, informed counsel for the Defendants of the filing, and gave them notice of the upcoming filing of the Order to Show Cause. Attached hereto as Exhibit 6 is a true and correct copy of the electronic mail sent to counsel for the Defendants. Odgers will be providing copies of the Order to Show Cause filings immediately after they are filed.

7. As described in the other declarations accompanying this Order to Show Cause, the defendants have taken an enormous amount of confidential information and trade secrets from Odgers and have indicated their intent to use that information for their subsequent work which is presently at a competitor of Odgers, Teneo. Without prompt action, and unless a temporary restraining order and preliminary injunctive relief is issued, Odgers will suffer immediate and irreparable harm.

8. As such, Odgers has no adequate remedy at law and should be granted a preliminary injunction requiring that O'Neil and Escamilla return to Odgers copies of Odgers' confidential information and trade secrets—things that O'Neil and Escamilla have no right to possess or continue using—and cease and desist any disclosure or use of that confidential information and trade secrets.

9. Odgers respectfully requests that a temporary restraining order be entered, pursuant to Rule 65 of the Federal Rules of Civil Procedure, pending the hearing of its application for a preliminary injunction.

10. There has been no prior application for the within relief requested in this or any other court of competent jurisdiction.

Dated: New York, New York
June 30, 2021

                                                                                                        David N. Kleinmann