**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/21
```

ODGERS BERNDTSON, LLC,

                    Plaintiff,

          -against-

JAVIER O'NEIL and VALERIA ESCAMILLA,

                    Defendants.

Case No. 1:21-cv-05652

**STIPULATED**
**CONFIDENTIALITY ORDER**

**WHEREAS** plaintiff Odgers Berndtson, LLC ("Odgers") initiated the above-captioned lawsuit against defendants Javier O'Neil ("O'Neil") and Valeria Escamilla ("Escamilla"; with Odgers and O'Neil, each a "Party" and, collectively, the "Parties") on June 30, 2021 by the filing of a complaint;

**WHEREAS** Odgers filed an Order to Show Cause seeking a temporary restraining order, expedited discovery, and a preliminary injunction against both O'Neil and Escamilla;

**WHEREAS** the Court so ordered Consent Orders granting injunctions and expedited discovery (Dkt. 13 & 17);

**WHEREAS** both Consent Orders call for the Parties to agree to the terms of a confidentiality stipulation;

**WHEREAS** the Parties believe in the need to have a protective order entered, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of confidential and proprietary information and trade secrets to be produced by the Parties and their respective counsel, or by any non-party, in the course of discovery in this matter;

**WHEREAS** the Parties have agreed to a set of protections set forth below;

**WHEREAS** the Parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED** that the following restrictions and procedures shall govern the exchange of confidential information in this matter:

1.      A Party may designate all or portions of any information, materials, or documents produced or furnished by that Party pursuant to discovery or otherwise during the course of this litigation as "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the terms of this Order.

2.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only such material that it reasonably and in good faith believes consists of: (a) trade secrets or other information of a non-public nature considered by the Producing Party to be commercially or personally sensitive, confidential, and/or proprietary, including, but not limited to data licensed from third parties, computer program code and files and information derived therefrom; (b) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information; and/or (c) personal (i) sensitive, (ii) security, (iii) safety, (iv) financial, and/or (v) medical information relating to the Producing Party.

4.      Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) auditors or accountants for any Party;

(c) counsel retained specifically for this action, including any in-house and outside counsel, and any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) court reporters engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court (including any person having access to any Confidential Information by virtue of his or her position with the Court).

5.  Information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to in-house and outside attorneys for the Parties to this action, their authorized secretarial and legal assistant staff, to outside experts retained or consulted with by the Parties or their attorneys for purposes of this litigation, and any executives or board members either actively engaged in assisting the attorneys' efforts in the litigation and/or involved in discussions related to or for the purposes of authorizing any resolution.  No documents or information designated "Confidential –

Attorneys' Eyes Only" shall be disclosed to any individual Party to this action or to any officer, director or employee of any Party who is not an attorney, except by written stipulation of the Parties or by order of the Court, pursuant to the procedure set forth herein.

6.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

7.      With respect to the Information (as defined in the Consent Order) returned pursuant to the Consent Order, O'Neil and Escamilla agree that such Information shall be designated as "Confidential," or otherwise pursuant to Odgers' election.  Nothing herein shall prevent O'Neil or Escamilla from asserting an appropriate designation for materials that may be produced in conjunction with the Information not otherwise belonging to Odgers.

8.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Confidential – Attorneys' Eyes Only" either by indicating on the record during the deposition that a question calls for Confidential information, and notifying the reporter and all counsel of record, in writing, within fifteen (15) days after receiving a copy of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only" upon which all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the fifteen (15) day period, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Confidential – Attorneys' Eyes Only."

9.      A Party shall not be obligated to challenge the propriety of a designation of "Confidential" or "Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of "Confidential" or "Confidential – Attorneys' Eyes Only," the Parties shall try first to dispose of such dispute in good faith on an informal basis.  If any party receiving material marked "Confidential" or "Confidential – Attorneys' Eyes Only" objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential.  If the producing party does not make such a request within seven business (7) days of the receipt of the other party's written objection, then the issue will be deemed waived by the producing party and said material will not be deemed "Confidential" or "Confidential – Attorneys' Eyes Only."  The parties will maintain said material as "Confidential" in accordance with this Order pending a determination by the Court on the Producing Party's request.  The Party opposing such designation shall not object to the designating Party filing the information at issue with the Court under seal in order for the Court to resolve the matter.  If any party receiving unmarked material objects, to the producing party's designation, the receiving party may mark such information Confidential" or "Confidential – Attorneys' Eyes Only" which, for the purposes of disputes, shall be treated as if it was an initial designation as set forth above.

10.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, as the parties hereby expressly agree that the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other

federal or state proceeding, and that this provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence ("FRE") 502(d); or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 4(g), or 4(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In the event that such person refuses to sign an agreement in the form attached as Exhibit, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

12.     The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of this Order.

13.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Public Access to Court Electronic Records ("PACER") Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal to the extent permitted by law (including, without limitation to, in accordance with

and as provided in any applicable rules of the Court) with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. To the extent that the Court requires any further act by the Parties as a precondition to the filing of Confidential Discovery Material under seal (beyond the submission of this Stipulation and Order For The Production and Exchange of Confidential Materials), it shall be the obligation of the Producing Party of the Confidential Discovery Material to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal in accordance with and as provided in any applicable rules of the Court.

14.     Recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose, nor in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least seven (7) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if and only if the Producing Party deems, in the Producing Party's sole discretion, it appropriate to do so.

16.     Each person who has access to Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     For copies of all Information, as defined in the Parties' consent injunctions (Dkt. 13; 17), that are produced as Discovery Material, copies will be retained for the duration of the litigation by counsel for the Parties.  Once Odgers has been satisfied that all such Information and the metadata associated with such Information have been preserved by counsel and produced to Odgers, Odgers will inform O'Neil and Escamilla, through their counsel, how the original copies of such Information can be removed from their systems.  O'Neil and Escamilla will have five (5) days to delete the original copies of such Information and confirm the deletion, in writing, to Odgers.

18.     For all other Discovery Material, within thirty (30) days of the final disposition of this action – including all appeals – all recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party (except those copies of any Discovery Material with notes protected by any privilege, which the other party shall destroy), destroy such material, including all copies thereof. In either event, by the thirty (30) day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential

Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order is effective *nunc pro tunc* from June 30, 2021 (the date of the Complaint and filing of the Action), will survive the termination of the litigation, and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21.     The foregoing is without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by any Party and any violation of this Order may result in the imposition of sanctions by the Court in its sole discretion.

22.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: July 12, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff*

By: _____
     David N. Kleinmann
     William F. Schmedlin
     1350 Broadway, 11th Floor
     New York, New York 10018

**ISAACS BERNSTEIN, P.C.**
*Attorneys for Defendant Javier O'Neil*

By:_____
     Jonathan Bernstein
     2108 Yardley Road
     Yardley, Pennsylvania 19067
     (917) 693-7245

Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order is effective *nunc pro tunc* from June 30, 2021 (the date of the Complaint and filing of the Action), will survive the termination of the litigation, and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21.     The foregoing is without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by any Party and any violation of this Order may result in the imposition of sanctions by the Court in its sole discretion.

22.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: July __, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff*


By:_____
      David N. Kleinmann
      William F. Schmedlin
      1350 Broadway, 11th Floor
      New York, New York 10018

**ISAACS BERNSTEIN, P.C.**
*Attorneys for Defendant Javier O'Neil*


By:_____
      Jonathan Bernstein
      2108 Yardley Road
      Yardley, Pennsylvania 19067
      (917) 693-7245

{Client/084432/3/02436541.DOCX;1 }

(212) 216-8000                                jb@lijblaw.com
dkleinmann@tarterkrinsky.com
wschmedlin@tarterkrinsky.com

**SCAROLA ZUBATOV SCHAFFZIN PLLC**
*Attorneys for Defendant Valeria Escamilla*

By:    /s/ Cassandra Porsch
       Cassandra Porsch
       1700 Broadway, 41ᵗʰ Floor
       New York, New York 10019
       (646) 412-3262
       cp@szslaw.com

Dated: _____July 16,_____, 2021
       New York, New York

_____
       ALISON J. NATHAN
       UNITED STATES DISTRICT JUDGE

> Nothing in this Order affects the parties'
> obligation to comply with Rule 4 of the
> Court's Individual Practices in Civil Cases
> governing redactions and filing under
> seal, or with any of the Court's other
> Individual Practices as relevant. SO
> ORDERED.

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Odgers Berndtson, LLC v. O'Neil, et al.*, No. 1:21-cv-05652 have been designated as confidential.  I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any such information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.


DATED: _____


_____

Signed in the presence of:


_____

(Attorney)